The Law Offices of Avrum J. Rosen, PLLC
Proposed Counsel to the Debtor
38 New Street
Huntington, New York 11743
Avrum J. Rosen
George N. Bara

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:

        GRAMERCY PARK LAND, LLC,

               Debtor.

----------------------------------------------------------x

Chapter 11
Case No.: 11-11385-jmp

## DEBTOR'S APPLICATION TO VOLUNTARILY DISMISS THIS CHAPTER 11 CASE

Gramercy Park Land, LLC, the debtor and debtor in possession (**"Debtor"**) in this chapter 11 case, by and through its proposed attorneys, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for its application (**"Application"**) seeking the entry of an Order pursuant to section 1112 of title 11 of the United States Code (**"Bankruptcy Code"**) to voluntarily dismiss this chapter 11 case, and states as follows:

1. The Debtor filed a voluntary petition for relief from its creditors pursuant to chapter 11 of the Bankruptcy Code on March 29, 2011 (**"Petition Date"**).

2. No trustee, examiner or official committee has been appointed in this case.

3. As this time, the Debtor wishes to voluntarily dismiss this chapter 11 case as it will be unable to confirm a chapter 11 plan due to unsuccessful negotiations with the secured lender regarding the Debtor's sole asset. On May 18, 2011, the Court granted the motion of Stabfund (USA), Inc. to lift the automatic stay with regard to the Debtor's sole asset.

4. The Debtor believes that conversion to chapter 7 shall not be beneficial to the

1

general unsecured creditors herein. The Debtor's sole asset is "underwater", and thus the secured creditors shall have extremely large deficiency claims in any chapter 7 case. As a result, a distribution to any general unsecured creditor is extremely unlikely.

5. Section 1112 of the Bankruptcy Code provides that a chapter 11 case may be dismissed upon the request of a party in interest, unless the Court determines that it is more appropriate, in the best interest of creditors, to convert the case to chapter 7.

6. While the Bankruptcy Code as drafted appears to require that the Debtor herein establish cause under section 1112(b)(4) of the Bankruptcy Code to dismiss the case, the Debtor need not satisfy each of the fifteen elements enumerated as cause. *See, e.g., In re TCR of Denver, LLC,* 338 B.R. 494 (Bankr. CO. 2006)(holding that it would lead to an absurd result if debtors were to have to meet all 15 requirements to dismiss or convert a case). Here, cause exists to dismiss the case pursuant to 1112(b)(4)(M) as the Debtor will be unable to effectuate substantial confirmation of a confirmed plan. Additionally, as stated above, the dismissal will not prejudice unsecured creditors as the sole asset of the Debtor is fully secured and nothing would be available for general unsecured creditors.

7. Under the circumstances, dismissal of this case is in the best interest of the creditors herein as the secured lender shall proceed with their respective rights and remedies under state law.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order dismissing the instant chapter 11 case, and granting such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
      May 24, 2011

                              The Law Offices of Avrum J. Rosen, PLLC
                              Proposed Attorneys for the Debtor

                  BY:    S/Avrum J. Rosen
                              Avrum J. Rosen
                              George N. Bara
                              38 New Street
                              Huntington, New York 11743
                              631 423 8527
                              ajrlaw@aol.com